```
                   UNITED STATES DISTRICT COURT
                     DISTRICT OF CONNECTICUT

PANOLAM INDUS. INT'L, INC.,        :
                                   :
     Plaintiff,                    :
                                   :
     v.                            :    CASE NO. 3:07CV1721(AWT)
                                   :
F & F COMPOSITE GROUP INC., ET AL. :
                                   :
     Defendants.                   :
```

## RULING ON DISCOVERY MOTIONS

Pending before the court are the plaintiff's Motion for Protective Order regarding a site visit, doc. #82, and the plaintiff's Motion to Compel, doc. #85.  Oral argument was held on October 23, 2009.[1]

## Motion for Protective Order, doc. #82

The plaintiff's motion is granted in part and denied in part.  The defendant may inspect the plaintiff's premises in Morristown, Tennessee during a normal operation day.  The defendant may bring no more than eight individuals to the inspection.  The eight individuals shall include defense counsel, counsel's paralegal, John Fakhari, Bruce Westbrook, a videographer, two experts, and either a client representative or a third expert.  The site visit may be videotaped.  Still photography also is permitted, but it must be done by one of the eight permitted people rather than by a separate photographer.

---

[1] Oral argument was also held on several other motions. Those motions will be ruled on separately.

The inspection shall last no longer than one work day and shall begin at the time the line is started up and conclude at the time it is shut down.  The plaintiff reserves the right to stop the inspection or any aspect of it if the plaintiff believes there is any danger to any individual or to the plaintiff's equipment.

On or before November 30, 2009, the parties are expected to negotiate and enter into a written agreement governing the further terms of the visit.  The individuals attending the inspection on behalf of the defendant agree to enter into written confidentiality agreements.  The terms of those confidentiality agreements shall be finalized on or before November 30, 2009.

After the inspection, if the defendant proposes to do any further observation or testing at the plaintiff's facility, it shall submit a renewed Fed. R. Civ. P. 34(a)(2) request for entry onto land, which shall set forth with specificity, and in detail, the defendant's proposal.  Plaintiff's counsel shall respond to defense counsel with any objections within ten days.  If counsel are unable to resolve their disputes, motions may be filed within fourteen days thereafter.

Within seven days from this order, the defendant will produce to plaintiff's counsel the resumes of all its retained experts.

<u>Motion to Compel, doc. #85</u>

The plaintiff's motion is granted in part and denied in

part.

As to John Fakhari's hard drive, the parties will confer and agree upon a neutral third-party forensic expert, either in Connecticut or in Texas, to image the drive.  In light of the defendant's objections, the forensic expert will be someone other than Janus.  The defendant will tender the drive to the agreed-upon forensic expert, who will image it and return it to the defendant.  The expert will search the imaged drive for relevant items.  Any items the expert finds will be sent to defense counsel for a privilege review and, with defense counsel's approval, then will be produced to plaintiff's counsel.  The forensic expert's fees and costs will be paid by the plaintiff.

As to responsive records held by Bruce Westbrook, the defendants must conduct a search of his home computer and of any other computer that he used for business purposes during the relevant time period.  The defendants must also produce any documents relating to Mr. Westbrook's discussions with ITS.  Defense counsel shall serve plaintiff's counsel with an affidavit or affidavits detailing the defendants' good faith efforts to search for responsive materials.

The parties appear to have resolved, at least for the moment, their dispute as to any missing hard drives from Morristown.  The motion to compel is denied without prejudice as to that request.

Any issues raised in this motion regarding the re-deposition

of Mr. Westbrook or other witnesses will be separately addressed after further oral argument regarding the parties' oral requests for an extension of the discovery period.

SO ORDERED at Hartford, Connecticut this 12th day of November, 2009.

```
_____/s/_____
Donna F. Martinez
United States Magistrate Judge
```