```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

PANOLAM INDUS. INT'L, INC.,        :
                                   :
     Plaintiff,                    :
                                   :
     v.                            :   CASE NO. 3:07CV1721(AWT)
                                   :
F & F COMPOSITE GROUP INC., ET AL. :
                                   :
     Defendants.                   :
```

RULING ON DISCOVERY MOTIONS

Pending before the court are the plaintiff's Motion to Compel (doc. #78), plaintiff's Motion for Sanctions (doc. #79), defendants' Motion to Compel (doc. #86), and plaintiff's Motion for Protective Order (doc. #103). The parties have also orally requested an extension of their scheduling order. The court held lengthy hearings on October 23, 2009 and January 13, 2010 in order to resolve all pending issues.[1]

Defendants' Motion to Compel, doc. #86

Request #1 is granted. However, the request does not encompass metadata, and this order does not require the production of metadata.

Request #2 is granted. The plaintiff shall produce an affidavit evidencing its good-faith efforts to search for responsive materials. The request does not encompass telephone

---

[1] The court ruled on other motions in an order filed on November 12, 2009, doc. #99. Subsequently, the case was stayed due to the plaintiff's bankruptcy filing. Chief Judge Thompson lifted the stay on January 5, 2010.

1

records, and the court's order does not require their production.

Request #5 is granted.

Request #19 is granted.  Plaintiff's production of a one page summary per year is insufficient.  The plaintiff shall produce such documents as are sufficient to evidence its financial position during the course of the past five years, as well as its alleged lost profits and other economic damages.

Request #29 is denied as written.  The court agrees that some documents that demonstrate plaintiff's labor costs for operating the system are relevant, and the plaintiff has produced some responsive documents.  However, this request, at least as construed by the defendants in their motion, is overbroad.  Defendants are not entitled, for example, to every timesheet for every employee.  Defendants' counsel, in consultation with plaintiff's counsel, may reformulate a narrower request that will provide the defendants the relevant information without imposing an undue burden on the plaintiff.

Requests #34 and #35 are granted.

Request #37 is granted.  The plaintiff shall conduct a good-faith search for all responsive documents that "refer to F&F."

Request #38 is granted.  The plaintiff shall conduct a good-faith search for all responsive documents "referring to John Fakhari."

Interrogatories #17 and #18 are granted for the period of March 2005 to the present.

Interrogatory #20 is granted.  However, the plaintiff need not

re-disclose any information that the plaintiff already disclosed in its initial disclosures or that has otherwise been made known to the defendants during the discovery process.  See Fed. R. Civ. P. 26(a)(1); 26(e)(1)(A).

Interrogatory #22 is granted.

To the extent the defendants move to compel plaintiff to produce a 30(b)(6) general corporate representative, the request is denied as moot in light of the representation of plaintiff's counsel that the plaintiff will disclose additional 30(b)(6) designees.

To the extent the defendants move to compel plaintiff to produce an additional 30(b)(6) designee on information technology practices, the request is denied.  Rule 30(b)(6) requires a corporation to designate witnesses "to give complete, knowledgeable and binding answers on its behalf."  Reilly v. Natwest Mkts. Group, Inc., 181 F.3d 253, 268 (2d Cir. 1999)(internal citations and quotation marks omitted).  A deponent under Rule 30(b)(6) has "an affirmative obligation to educate himself as to the matters regarding the corporation. This includes all matters that are known or reasonably available to the corporation." Concerned Citizens v. Belle Haven Club, 223 F.R.D. 39, 43 (D. Conn. 2004).  On the present record, it appears that the plaintiff has satisfied its obligations by producing employees with knowledge of its information technology practices.  The plaintiff is not obligated to hire a new employee because the defendants are dissatisfied with

the level of expertise of the plaintiff's information technology department.

To the extent the defendants move to compel re-deposition of certain witnesses, that motion is denied without prejudice as further discussed below.

<u>Plaintiff's Motion for Protective Order, doc. #103</u>

The court has previously ruled that the defendants' experts and representatives may conduct a site visit at the plaintiff's plant prior to production of formal expert reports.  The plaintiff's request for a protective order barring the defendants' experts from visiting the plaintiff's plant is denied.  The plaintiff has not made a sufficient factual showing to warrant an order depriving a litigant of the experts of its choice.  <u>See</u> <u>Turbine Components Corp. v. Sequa Corp.</u>, No. 91 Civ. 1752 (KTD), 1992 U.S. Dist. LEXIS 5 (S.D.N.Y. Jan. 3, 1992).  Confidentiality agreements governing the site visit may be drafted to protect any confidential information revealed during that visit.

The defendants' formal expert reports will be disclosed after the site visit, as set forth below.  As an interim step, the defendants shall produce resumes for experts Rodghero and Brandon within five business days of this order.  The defendants are warned that failure to comply with this order may result in the imposition of sanctions and/or the preclusion of these experts.

The plaintiff's motion for protective order, doc. #103, is denied.

Scheduling Order:

If counsel have not previously finalized confidentiality agreements and a written agreement governing the terms for the first day of the site visit, as ordered by the court in its November 11, 2009 order (doc. #99), they shall do so on or before February 1, 2010.  The first day of the site visit will take place during the month of February.  As set forth in the November 11, 2009 order (doc. #99):

> After the inspection, if the defendant proposes to do any further observation or testing at the plaintiff's facility, it shall submit a renewed Fed. R. Civ. P. 34(a)(2) request for entry onto land, which shall set forth with specificity, and in detail, the defendant's proposal. Plaintiff's counsel shall respond to defense counsel with any objections within ten days. If counsel are unable to resolve their disputes, motions may be filed within fourteen days thereafter.

In the meantime, the parties shall proceed with all other necessary discovery in order to comply with the following deadlines.

The plaintiff may, if it wishes, disclose new or amended expert reports on or before **April 1, 2010**.  If the plaintiff discloses new or amended expert reports, the defendants may depose plaintiff's experts on or before **May 1, 2010**.  The defendants' expert reports shall be disclosed, in full compliance with the requirements of Fed. R. Civ. P. 26(a)(2)(B), on or before **June 1, 2010**.  All discovery, including deposition of all experts, shall be completed on or before **July 1, 2010**.  Any dispositive motions shall be filed on or before **August 1, 2010.**

The parties agreed during oral argument that certain witnesses– Westbrook, Fakhari, Brewer, Walker and Ersham– should be redeposed as to matters into which there was no previous inquiry. The parties also agree to the deposition of another witness who has not previously been deposed, Jackson.  As to any other re-depositions or other discovery sought by any party, counsel are ordered to attempt in good faith to resolve their disputes.  If they are unable to resolve their disputes, they may file motions with a complete record as to why additional discovery is required. Such motions shall be filed on or before **April 15, 2010**.

Plaintiff's Motion to Compel (doc. #78)

The plaintiff's Motion to Compel is denied as moot in light of all the foregoing.

Plaintiff's Motion for Sanctions (doc. #79)

The plaintiff's Motion for Sanctions, doc. #79, is denied without prejudice.  To the extent the plaintiff asks the court to order the defendants to bear the costs of re-deposing Westbrook and Fakhari, that request is denied in light of the parties' agreement that those witnesses must, in any event, be re-deposed.  At the conclusion of the case, the plaintiff may submit a motion seeking its costs and attorney's fees for preparing its motion and memorandum of law, doc. #79.

SO ORDERED at Hartford, Connecticut this 22nd day of January, 2010.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge