**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

```
------------------------------x
                              :
PANOLAM INDUSTRIES            :
INTERNATIONAL, INC.,          :
                              :
            Plaintiff,        :
                              :
v.                            :   Civil No. 3:07-CV-01721(AWT)
                              :
F&F COMPOSITE GROUP, INC.,    :
and JOHN FAKHARI,             :
                              :
            Defendants.       :
                              :
------------------------------x
```

<u>ORDER DENYING PLAINTIFF'S MOTION FOR A NEW TRIAL</u>

For the reasons set forth below, Plaintiff's Motion for a New Trial (Doc. No. 359) is hereby DENIED.

Plaintiff Panolam Industries International, Inc. ("Panolam") has moved for a new trial on six grounds. As explained below and in Defendants F & F Composite Group, Inc. and John Fakhari's Response to Plaintiff's Motion for a New Trial (Doc. No. 368) (the "Defendants' Response"), each ground lacks merit.

**A.   <u>Negligent Misrepresentation Claims</u>**

Panolam contends that the court should not have granted Defendants' Motion for Judgment as a Matter of Law (Doc. No. 311) with respect to Panolam's negligent misrepresentation claims. In support of this argument the plaintiff contends that

-1-

the negligent misrepresentation was that the defendants "would" design, engineer and construct an FRP line capable of producing building product, RV product and transportation product and, in the alternative, that the court should have granted Panolam's motion to amend its complaint made in response to the Motion for Judgment as a Matter of Law.  The motion for a new trial is being denied based on the analysis in the court's Order re Defendants' Motion for Judgment as a Matter of Law (Doc. No. 353) ("Order re Rule 50 Motion") at pages 12 to 15.

**B.    Negligent Design Claims**

Panolam contends that the court should not have granted the Motion for Judgment as a Matter of Law with respect to Panolam's negligent design claims.  The motion for a new trial is being denied based on the analysis in the Order re Rule 50 Motion at pages 4 to 11.  The court notes that in the motion for a new trial, Panolam relies on Utica Mutual Ins. Co. v. Precision Mech. Servs., Inc., 122 Conn. App. 448 (2010), which is analyzed extensively in the Order re Rule 50 Motion.

**C.    Admission of Evidence Regarding SAS**

Panolam argues that it was severely prejudiced and a miscarriage of justice occurred because the defendants were allowed to present evidence concerning Stein Atkinson Stordy ("SAS").  Panolam contends that this was not proper because the defendants had not pled an affirmative defense.

However, the evidence concerning SAS was not offered by the defendants in connection with an affirmative defense.  Panolam's breach of contract claim against the defendants was that "the wide line FRP designed, engineered, and constructed by [F&F Composite Group, Inc. / John Fakhari] was not capable of producing the three types of products guaranteed under the terms of the Agreement."  See Amended Complaint as of Right Pursuant to Fed. R. Civ. P. 15(a) (Doc. No. 23) at ¶¶ 10, 42.  The defendants contested the essential elements of Panolams's breach of contract claims.  Their position, stated in the Joint Trial Memorandum (Doc. No. 177) at page 5, was that:

> F&F did not fail to properly design and construct the components of the FRP line. Panolam contracted directly with vendors of Panolam's choice to design, manufacture and install the various components of the FRP line. Problems with the FRP line were caused by failures of the component vendors, and F&F had no legal mechanism to enforce the terms of Panolam's contracts with the components vendors . . . . F&F did not contract to build a turnkey FRP line.

Panolam urged the jury to accept its interpretation of the contract, which was that if the component pieces did not work, then the defendants breached the contract.  The position advanced to the jury by F&F Composite Group, Inc. ("F&F"), however, was that it did not contract to design and construct the FRP line components, but rather agreed to what was in substance a consulting agreement, pursuant to which it would assist, recommend and advise concerning the FRP project and line

-3-

design.  The evidence concerning SAS supported, and thus was

relevant to, the defendants' interpretation of the contract and,

consequently, was properly offered and admitted.

As was explained by the court during the trial, even

assuming arguendo that the evidence concerning SAS would have

been relevant to an affirmative defense, the fact that the

affirmative defense was not in the case does not mean that the

evidence should have been precluded if the evidence was relevant

for some other reason, here, to show that F&F fully performed

its obligation under the contract to assist, recommend and

advise.

### D.    Jury Instructions

Panolam argues that the court erred in refusing to give the

jury instructions it requested regarding (1) the role of

subcontractors (such as SAS), and (2) the weight and to what

extent the jury could consider the evidence concerning SAS.

The court instructed the jury as to the four elements that

Panolam was required to prove with respect to its breach of

contract claims.  The jury was instructed that the parties

disagreed as to the interpretation of the contract and that the

jury had to construe the terms of the contract in order to

decide Panolam's claims.  The jury was given instructions as to

how to ascertain the intent of the parties.  One of the areas

where the parties presented competing theories of the case to

-4-

the jury was whether either defendant was a contractor who
delegated work or responsibilities to subcontractors.

The court refused to give the two instructions at issue
because the instructions that were being given as to the
elements of a breach of contract claim fully addressed the law
as to the elements of that claim, and the instructions requested
by Panolam were not only unnecessary but contained improper
advocacy.  In the court's view, the jury instructions taken as a
whole complied with the requirement that they adequately inform
the jury of the law and that they not mislead the jury as to the
proper legal standard.  See Boyce v. Soundview Tech. Grp., Inc.,
464 F.3d 376, 389-90 (2d Cir. 2006).

### E.    Entering Judgment on F&F's Counterclaim

Panolam argues that the court erred in entering judgment on
F&F's counterclaim because the jury's verdict was "contrary to
the pleadings."  Plaintiff's Memorandum of Law in Support of
Motion for New Trial (Doc. No. 365) at 9.  However, the jury's
verdict was entirely consistent with the pleadings because the
counterclaim was brought by F&F.  Panolam appears to be arguing
in substance that the jury's verdict was inconsistent with
Panolam's interpretation of the bonus provision in the contract.
But the jury's interpretation of the contract was more than
adequately supported by the evidence in the case.

**F.    Prejudgment Interest**

Panolam argues that the court should not have awarded prejudgment interest at the rate of 10% and the imposition at such a rate was a miscarriage of justice and highly prejudicial to Panolam.   Panolam's arguments with respect to the award of prejudgment interest were fully addressed in the court's Memorandum of Decision re Rate for Award of Prejudgment Interest (Doc. No. 354), and the court incorporates by reference the analysis in that memorandum of decision.

It is so ordered.

Dated this 16th day of January 2015, at Hartford, Connecticut.


_____ /s/_____
Alvin W. Thompson
United States District Judge